| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| DAVID L. MORSE, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

3:21-CV-00284-DCLC-DCP

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs Allstate Vehicle and Property Insurance Company's and Allstate Indemnity Company's (collectively, "Allstate") Motion for Judgment on the Pleadings [Doc. 18]. Defendants David and Leann Morse have responded, stating that they do not oppose Allstate's motion [Doc. 20]. This matter is now ripe for resolution.

On August 6, 2021, Allstate filed its Complaint, seeking a declaratory judgment against the Morses under 28 U.S.C. §§ 2201, 2202 [Doc. 1, pgs. 1-16]. Allstate explained that, in April 2020, the Morses sold a home to William and Charlotte Larsen [Doc. 1, pgs. 1-2]. In July 2020, the Larsens filed suit against the Morses, seeking a total of $2,400,000 in punitive and compensatory damages related to the sale [Doc. 1, pgs. 1-2]. The Larsen's alleged that the Morses failed to disclose "grading, basement and foundation drainage issues" before the sale [Doc. 1, pgs. 1-2]. The Larsens further alleged that the Morses did not disclose that they cleared common property of the neighborhood to provide a view to a golf course from the home, which rendered the clearing a temporary feature of the home [Doc. 1, pg. 2].

Allstate insures the Morses and is currently defending against the Larsen lawsuit on behalf of the Morses under a reservation of rights in the Morses' insurance policies [Doc. 1, pg. 2].

Allstate filed the present suit to obtain a judicial determination of its coverage obligations to the Morses in regard to the Larsens' suit [Doc. 1, pg. 2]. Specifically, the parties agree that this suit involves a question of law to determine whether the Larsen suit presents any claims for damages that would be covered by the Morses' homeowner and personal umbrella policies [Doc. 13, pg. 1].

Allstate now moves for judgment on the pleadings [Doc. 18]. Allstate argues that: (1) the Morses' alleged misrepresentations did not cause physical injury or destruction of tangible property to trigger its coverage obligations; (2) the damages sought by the Larsens are not damages covered by the Morses' policies; (3) the Larsen suit does not allege an "occurrence" within the meaning of the Morses' policies that would trigger its coverage obligations; (4) the Larsens' claims fall within an exclusion of coverage within the Morses' policies; and (5) the Larsens' claim for punitive damages are excluded under the Morses' policies [Doc. 19, pgs. 1-20]. The Morses' respond that they do not oppose Allstate's motion [Doc. 20]. Accordingly, for the reasons stated in its motion, Allstate's Motion for Judgment on the Pleadings [Doc. 18] is well-taken and **GRANTED**. A separate judgment shall enter.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge